UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                No. 18-12009

v.                                     District Judge Robert H. Cleland
                                     Magistrate Judge R. Steven Whalen

JOE L. FLOWERS, JR.

                Defendant.

_____ /

**REPORT AND RECOMMENDATION**

This is a student loan case. On September 14, 2018, the Court entered a default judgment against Defendant Joe L. Flowers, Jr. in the amount of $13,920.28 plus interest [Doc. #7].[1] On December 14, 2018, Mr. Flowers filed an objection to a writ of garnishment issued to him and garnishee Michigan Department of Treasury [Doc. #11], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).

**I.    FACTS**

At a hearing on the objections on February 13, 2019, the parties indicated that they had resolved the matter, and placed the terms on the record.  Those terms are as follows:

(1) Mr. Flowers will withdraw his objection to this garnishment;

(2) Mr. Flowers is submitting an application for false certification loan discharge under 34 C.F.R. § 682.402(e), which the Department of Education will review and decide in due course;

---

[1] The federally guaranteed loans in question were disbursed some time ago, in 1988 and 1989, for attendance at the Pontiac Business Institute.

(3) In the meantime, Mr. Flowers will enter into an installment payment agreement whereby he will pay to Plaintiff the amount of $62.00 per month, beginning on March 15, 2019, and continuing on the 15th of each month thereafter.

## II.   CONCLUSION AND RECOMMENDATION

Because the parties have agreed to what I consider a fair resolution of this matter, I recommend that the Court dismiss Mr. Flowers' objections to the writ of garnishment to him and the Michigan Department of Treasury [Doc. #11], under the terms placed on the record on February 13, 2019.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection #1,"  "Objection #2," etc.; any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen (14) days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled ad "Response to Objection #1," "Response to Objection #2," etc.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 13, 2019

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 13, 2019, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen